1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JOHN ERIC CHATMON,

11              Plaintiff,                    No. CIV S-05-1595 DFL GGH P

12         vs.

13    MR. DEMERS, et al.,

14              Defendants.                   ORDER

15    _____/

16         Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17    U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18    pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19    § 636(b)(1).

20         Plaintiff has submitted a declaration that makes the showing required by 28

21    U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22         Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28

23    U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $3.60 will be assessed by this

24    order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25    collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26    Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

1   preceding month's income credited to plaintiff's prison trust account.  These payments will be

2   forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3   account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4          The court is required to screen complaints brought by prisoners seeking relief

5   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9   U.S.C. § 1915A(b)(1),(2).

10          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989); Franklin, 745 F.2d at 1227.

17          A complaint, or portion thereof, should only be dismissed for failure to state a

18  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

19  of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

20  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

21  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

22  a complaint under this standard, the court must accept as true the allegations of the complaint in

23  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

24  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

25  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

26  /////

1     Named as defendants are Correctional Counsel Demers, Correctional Officers

2   Stephens and Alcorn and Lieutenant Van Lear.  Plaintiff alleges that on May 24, 2004, he told

3   defendant Demers that he had a kite telling his cellmate to hurt plaintiff.  Defendant Demers told

4   plaintiff that he would contact his supervisor at once.  Plaintiff remained in his cell with his

5   cellmate for 18 days.  During that time, plaintiff's cellmate stabbed plaintiff three times.  The

6   court finds that these allegations state a colorable claim against defendant Demers.

7     Plaintiff alleges that on July 13, 2005, defendants Stephens and Alcorn witnessed

8   three fights between plaintiff and his cellmate but only reported the final incident.  Standing

9   alone, these allegations do not state a constitutional claim.  Accordingly, the claims against

10   defendants Stephens and Alcorn are dismissed with leave to amend.

11     Plaintiff alleges that on June 13,2005, defendant Van Lear did not allow him to

12   properly wash off pepper spray that had apparently been used to break up a fight between

13   plaintiff and his cellmate.  Plaintiff alleges that defendant Van Lear told staff to take plaintiff's

14   "whining ass to the mop room and stick his head under the sink."  Plaintiff alleges that he should

15   have been allowed to take a shower.  However, plaintiff does not allege that he suffered any

16   injury as a result of not showering.  Because plaintiff has failed to allege any injury, the court

17   finds that his claims against defendant Van Lear are not colorable.

18     If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

19   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

20   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

21   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

22   there is some affirmative link or connection between a defendant's actions and the claimed

23   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

24   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

25   allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

26   of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

2    order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

3    amended complaint be complete in itself without reference to any prior pleading.  This is

4    because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

5    Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

6    pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

7    original complaint, each claim and the involvement of each defendant must be sufficiently

8    alleged.

9    Accordingly, IT IS HEREBY ORDERED that:

10   1.  Plaintiff's request to proceed in forma pauperis is granted;

11   2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

12   Plaintiff is assessed an initial partial filing fee of $3.60.  All fees shall be collected and paid in

13   accordance with this court's order to the Director of the California Department of Corrections

14   filed concurrently herewith.

15   3.  Plaintiff's claims against defendants Stephens, Alcorn and Van Lear are

16   dismissed for the reasons discussed above, with leave to file an amended complaint within thirty

17   days from the date of service of this Order.  Failure to file an amended complaint will result in a

18   recommendation that these defendants be dismissed from this action.

19   4.  Upon filing an amended complaint or expiration of the time allowed therefor,

20   the court will make further orders for service of process upon some or all of the defendants.

21   DATED: 9/13/05

22

23   /s/ Gregory G. Hollows

24   GREGORY G. HOLLOWS
     UNITED STATES MAGISTRATE JUDGE

25   ggh:kj
     chat1595.b1

26

4