IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ERIC CHATMON,

    Plaintiff,     No. CIV S-05-1595 DFL GGH P

  vs.

MR. DEMERS, et al.,

    Defendants.     <u>FINDINGS & RECOMMENDATIONS</u>

_____/

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is the motion to dismiss for failure to exhaust administrative remedies filed December 6, 2006, by defendants Van Leer, Alcorn and Stephens. Defendant DeMars has not yet been served. After carefully considering the record, the court recommends that defendants' motion be granted.

    On July 24, 2006, plaintiff filed an opposition to defendants' motion for a more definite statement. On August 23, 2006, the court construed the opposition to be the second amended complaint.

/////

/////

1    Plaintiff alleges that in 2004 he had several altercations with his cellmate of which
2 defendants Stephens and Alcorn were aware. Plaintiff alleges that these defendants encouraged
3 plaintiff's cellmate to become involved in another altercation with plaintiff, as a result of which
4 plaintiff was stabbed in June 2004. Defendants Stephens and Alcorn pepper sprayed plaintiff
5 after the stabbing. Following the incident, defendant Van Lear failed to have plaintiff's eyes
6 properly decontaminated.

7    42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to
8 prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in
9 any jail, prison, or other correctional facility until such administrative remedies as are available
10 are exhausted." In order for California prisoners to exhaust administrative remedies, they must
11 proceed through several levels of administrative appeal:  1) informal resolution, 2) formal written
12 appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or
13 designee, and 4) third level appeal to the Director of the California Department of Corrections.
14 Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, §
15 3084.5). A final decision from the Director's level of review satisfies the exhaustion
16 requirement. Id. at 1237-38.

17    In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates
18 must exhaust administrative remedies, regardless of the relief offered through administrative
19 procedures. 121 S. Ct. at 1825. Therefore, inmates seeking money damages must completely
20 exhaust their administrative remedies. 42 U.S.C. § 1997e(a) provides that no action shall be
21 brought with respect to prison conditions *until* such administrative remedies as are available are
22 exhausted. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

23    In the motion to dismiss, defendants state that plaintiff did not file any
24 administrative appeals regarding the claims raised in the complaint. See declaration of N.
25 Grannis December 6, 2006; declaration of S. Babich filed December 6, 2006.
26 /////

In his opposition filed March 14, 2007, plaintiff alleges that after the incident alleged in the complaint he was placed in administrative segregation. Opposition, p. 3. Plaintiff claims that his 602, i.e. informal level appeal, was intercepted by prison officials while he was in administrative segregation. Id. Plaintiff claims that prison officials accused plaintiff of making false accusations against staff and warned of what may become of plaintiff if any further claims were made. Id.

Plaintiff's claim that prison officials intercepted his appeal and threatened him are palpably contrived. The court also observes that plaintiff attaches to his opposition other administrative appeals he filed after the June 2004 incident. For example, attached is a first level appeal dated July 23, 2005, addressing plaintiff's complaint that Correctional Officers Sanchez, Brautigan and Trullinger harassed plaintiff. Also attached is an August 18, 2005, First Level Appeal addressing plaintiff's complaint that Officer Doyle used excessive force and sexually harassed plaintiff. While these appeals are dated approximately one year after the June 2004 incident, they demonstrate plaintiff's willingness to complain about staff misconduct via the administrative appeal process, somewhat undermining his claim that he felt too intimidated to pursue his grievances regarding the June 2004 incident.

For the reasons discussed above, the court finds that plaintiff has failed to exhaust his administrative remedies as to the claims against defendants Stephens, Alcorn and Van Leer.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' December 6, 2006, motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

1 | that failure to file objections within the specified time may waive the right to appeal the District
2 | Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 | DATED:  4/25/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

chat1595.mtd