IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ERIC CHATMON,

     Plaintiff,                            No. CIV S-05-1595 ALA P

    vs.

MR. DEMERS, et al.,

     Defendants.               <u>ORDER</u>

_____/

        Defendant correctional officers Van Leer, Stephens, and Alcorn move under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss a 42 U.S.C. § 1983 claim brought by confined pro se Plaintiff John Eric Chatmon, on the basis that Mr. Chatmon failed to exhaust his prison administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"). *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C.] section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted."). Mr. Chatmon does not dispute that he failed to exhaust his administrative remedies. He contends, however, that his failure to exhaust should be excused, because Defendants prevented him from pursuing his claim through prison channels. Properly construed, his argument is that Defendants are estopped by their actions from asserting the affirmative defense of his failure to exhaust. *See Ziemba v. Wezner*, 366 F.3d 161, 163 (2nd

1  Cir. 2004) (failure to exhaust under the PLRA is not jurisdictional, but is an affirmative defense
2  subject to estoppel); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) (failure to exhaust
3  under the PLRA is an affirmative defense).

       Before reaching the merits of Defendants' motion, the Court must determine whether Defendants are, in fact, estopped from asserting Mr. Chatmon's failure to exhaust his administrative remedies. *See Wyatt*, 315 F.3d at 1119-20 ("In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."). To aid the Court in making this determination, Mr. Chatmon is ordered to file supplemental declarations on or before August 24, 2007, setting forth specific facts supporting his allegation that he "was unlawfully tossed into administrative segregation lock-up unit as the suspect in a battery on another prisoner," that his "602 [administrative] appeal was intercepted by prison officials while [he] was in lock-up unit," and that he "was accused of writing false allegations against staff & warned of what may become of any further claims." Defendants are ordered to file supplemental declarations in opposition on or before September 28, 2007.

DATED: July 25, 2007

                                                  /s/ Arthur Alarcón
                                                UNITED STATES CIRCUIT JUDGE
                                                Sitting by Designation